JANVIER, Judge.
Plaintiff, La-Tex Equipment Rental Company, a partnership, owns and rents to contractors heavy mechanical equipment used in construction work. Defendant, Thomas W. Hooley and Sons, Inc., is a contracting corporation which found it necessary to rent from plaintiff two cranes for a job in which the defendant corporation was engaged. There were two separate but identical contracts, one covering the rental of a crane known as a 703 Lima SC Crane, and the other called a Link-Belt Motor crane. Rental was to be paid on a per diem basis and the cranes were rented “bare”, no operators being provided by the lessor company, all necessary employees being furnished by the lessee.
After the defendant had completed the contract for which the cranes were rented, they were tendered back to the lessor. Both were found to be defective as a result of negligent operation of employees of the lessee, and it was agreed that the repairs should be made at the expense of the lessee. This was done. The repairs to the larger *767 crane required seven days as a new boom was needed and this was not available in the area in question. The damage to the smaller Link-Belt crane required three days for repairing. There was no contention that the repairs required more time than was actually necessary.
The plaintiff demanded payment on a per diem basis not only for the period during which the equipment was in actual use by defendant, but also for those days during which repairs were being made. Defendant refused to make payment on a per diem basis for those days during which the repairs were being made, asserting that, though the equipment when tendered back, was in a damaged condition and though it owed rent for the days of actual use, and though it was responsible for the cost of repairing the damage, it should not be held liable to plaintiff for those days during which the repairs were being made.
Apparently it conceded that it might have been liable for any damage sustained by the plaintiff as a result of being deprived of the opportunity to re-rent the equipment, but that it could not he held liable on that basis since the claim was made on a per diem rental basis and since there was no offer to show that the equipment could have been rented to some other lessee. This suit is a result of that dispute.
The contention may be restated as follows : Defendant admits that it owes rental on a per diem basis for the period of actual use and that it was liable for the cost of the needed repairs which it actually paid, and also that it might have been liable for such loss as the plaintiff might have sustained as a result of being unable to rent the equipment during the period of repairs, but that it owes nothing for such loss as no such claim was made, nor was evidence offered to show that the equipment could have been rented.
There is no dispute 41s to the amount involved. If defendant is liable for the per diem rental for the days of repair, the amount claimed is correct.
There was judgment in favor of plaintiff as prayed for and defendant has appealed.
On behalf of defendant it is contended that the wording of the contracts which were on forms provided by plaintiff, indicates that it was not the intention of the parties that, in the event of damage by accident, the lessee would be liable on a per diem basis for loss resulting from the fact that the equipment could not during that period be rented to someone else.
Defendant points to three paragraphs in the contract, one concerning “Maintenance and Operation”, one concerning “Damage to Equipment”, and one concerning “Repairs”. That which is concerned with “Maintenance and Operation” requires that the lessee, defendant here, “shall at his own expense maintain the equipment and its appurtenances in good repair and operative condition, and return it in such condition to the Lessor.”
Counsel say that this refers only to oiling, cleaning and normal operation of equipment and contemplates usual wear and tear, and has no reference to such damage as may result from carelessness of employees of the lessee, and they then direct attention to the paragraph which is concerned with damage to equipment and say that in this paragraph there is no requirement that the equipment be returned in good condition, and that all that is required is that any such repairs are to be made at the expense of the lessee. This paragraph reads as follows:
“Damage to Equipment. The Lessee shall indemnify the Lessor against all loss and damage to equipment during the Rental Period and the appraisal of any such loss or damage shall be based on the equipment values shown by the List of Equipment. Any shortage or damage claim of either party shall be made known to the other party within *768 seven (7) days after receipt of equipment, or such claim shall be void.”
And they also point to the paragraph concerning repairs and say that under this paragraph there is no requirement that if, as a result of damage the return of the equipment is delayed, payment shall be made on a per diem basis.
Counsel say that, as a result of all of these paragraphs, it is evident that what the parties meant was that the lessee should take care of ordinary wear and tear repairs, and that if, at the termination of the lease, there were repairs which were made necessary by ordinary wear and tear, the equipment in that particular case could not be returned until the repairs were made, but that if other repairs were necessary, although these should be made at the expense of the lessee, the necessity for such repairs should not prevent the tendering back to the lessor of the leased equipment and the termination of the rental period.
The argument is ingenious, but we cannot accept it. We think that, read as a whole, the contract indicates that the parties intended that the rental period should be continued until the rental equipment could be tendered back to the lessor in useable condition, and that so long as the equipment remained in an unuseable condition as a result of fault of the lessee, payment on a per diem rental basis should be due.
The record leaves the distinct impression that when the equipment was first tendered back in a damaged condition, the parties themselves felt that the contract required payment on the basis contended for by plaintiff, for we are convinced that when payment on that basis was demanded, it was not then contended that payment on a rental basis should not include the period of repair.
The record indicates that it was merely requested that the bill of the lessor should be divided into two parts, one covering the period of actual use and the other covering the period of repair, and that this request was made, not for the reason that the lessee protested liability for the repair period, but for the reason that the lessee, for part of its liability, was protected by insurance and that the insurer might be liable to the lessee under its contract of insurance for such amount as the lessee might be required to pay as a result of the damage to the equipment.
There is no denial of the fact that, before the contracts were entered into, the President of the defendant corporation discussed the matter with the Branch Manager of plaintiff partnership and was told by him that it would be well for him to cover such possible liability with insurance, and that it was because of this that the insurance was obtained by the defendant corporation.
Counsel for defendant places great reliance on the decision of our Supreme Court in Bloom v. Southern Amusement Co., Inc., 228 La. 44, 81 So.2d 763, asserting that in that case under somewhat similar circumstances the Supreme Court held as contended for by appellants. We do not so read that decision. There it was held that the lessor, during the lease, could not claim damages for failure to maintain the leased property in good condition but must first sue for dissolution of the lease and then, on its dissolution, claim damages if any could be shown.
In spite of certain expressions in decisions of other jurisdictions we feel that here, by their own actions, the parties have made their own law and are bound by it.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.